IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 4:14cv0564-JLH COMPLAINT |
| THE KROGER COMPANY, and KROGER LIMITED PARTNERSHIP I, d/b/a KROGER, | ) ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) ) | This case assigned to District Judge _____ and to Magistrate Judge _____ |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 23 2014

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Taylor Doles, who was adversely affected by such practices. As alleged with greater particularity in paragraph 11 below, the Commission alleges that Defendants, The Kroger Company and Kroger Limited Partnership I, doing business as Kroger (collectively, Kroger or Defendants), subjected Ms. Doles to sexual harassment.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Eastern District of Arkansas, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Kroger Limited Partnership I has continuously been an Ohio limited partnership doing business in the State of Arkansas and the City of North Little Rock and has continuously had at least 15 employees.

5. At all relevant times, Defendant The Kroger Company has continuously been an Ohio corporation doing business in the State of Arkansas and the City of North Little Rock and has continuously had at least 15 employees.

6. At all relevant times, each of the Defendants has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Taylor Doles filed a charge with the Commission alleging violations of Title VII by Kroger.

8. The Commission found reasonable cause to believe the charge was true and endeavored to eliminate the discriminatory practice(s) through informal methods of conference, conciliation, and persuasion, but was unable to secure a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least August 2009, Kroger has engaged in unlawful employment practices at its North Little Rock, Arkansas store, in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

11. The unlawful employment practices involved subjecting Ms. Doles to unwelcome sexual harassment because of her sex, female.

    a. Kroger hired Ms. Doles as a Courtesy Clerk in August 2009.

    b. At the time she was hired, Ms. Doles was 15 years old.

    c. Within a short time after her hire, Jason Womack, whom Kroger employed as a bagger, began making comments to her of a sexual nature.

    d. Mr. Womack was 28 years old.

    e. Among other things, Mr. Womack told Ms. Doles he could not wait until she turned 18 and was of legal age.

    f. Mr. Womack told Ms. Doles they were going to have children together.

    g. Mr. Womack requested a kiss in order to carry out Ms. Doles' customers' groceries to their car.

    h. Mr. Womack constantly referred to marrying Ms. Doles.

    i. Mr. Womack stated that Ms. Doles looked good in tight clothing and that he wanted to see her in her prom dress.

    j. Mr. Womack told Ms. Doles he knew she wanted some of his "white chocolate," an apparent sexual reference.

    k. Ms. Doles repeatedly told Mr. Womack to stop making these comments.

l.  Ms. Doles was aware that Mr. Womack had became violent in the workplace in the past and had threatened to hit another employee with a stick he had brought onto the premises.

m.  As a result of the foregoing, Ms. Doles felt physically intimidated by Mr. Womack and had store security walk her to her car each night as a precaution.

n.  The unwelcome sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of Ms. Doles' employment by creating a sexually hostile work environment.

i.  Ms. Doles complained to several management employees regarding the sexual harassment over a two and a half year period.

o.  One management official told Ms. Doles to simply ignore Mr. Womack's behavior.

p.  Kroger failed to take appropriate remedial measures to protect Ms. Doles from sexual harassment.

q.  In January and/or February of 2012, Ms. Doles complained of Mr. Womack's sexual harassment to Kroger's hotline.

r.  Kroger conducted an investigation and told Ms. Doles that Mr. Womack had been "let go."

s.  Kroger returned Mr. Womack to the schedule the following week, and when Ms. Doles became aware she would continue to work with Mr. Womack, she had an anxiety attack and went to the emergency room. Ms. Doles' doctor placed her on medical leave for one week.

t.  Kroger knew or should have known of the harassment and failed to take

prompt remedial action.

12. The effect of the practices complained of in paragraphs 10 and 11 has been to deprive Ms. Doles of equal employment opportunities and to otherwise adversely affect her employment because of her sex, female.

13. The unlawful employment practices complained of in paragraphs 10 and 11 were intentional.

14. The unlawful employment practices complained of in paragraphs 10 and 11 were done with malice or with reckless indifference to the federally protected rights of Ms. Doles.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Kroger, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment and any other employment practice which discriminates on the basis of sex, female.

B. Order Kroger to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Kroger to make whole Taylor Doles by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 and 11, in amounts to be determined at trial.

D. Order Kroger to make whole Taylor Doles by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10 and 11, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Kroger to pay Taylor Doles punitive damages for its malicious and reckless conduct described in paragraphs 10 and 11, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Faye A. Williams by PBD*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone: (901) 544-0088

*Pamela B. Dixon*
PAMELA B. DIXON
Senior Trial Attorney
AR Bar. No. 95085

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone: (501) 324-5065

pamela.dixon@eeoc.gov